**MARATHON ENTERPRISES, INC., Plaintiff–Appellee,**

v.

**SCHRÖTER GMBH & CO. KG, Schröter USA, Ltd., Schröter GmbH & Co. KG Anlangenbau, Erich Schröter GmbH, Schröter Verwaltungs–GmbH, Defendants–Appellants,**

**Briltech, Inc., Bril–Tech, Ltd. and Briltech, LLC, Defendants.**

No. 03–7734.

United States Court of Appeals, Second Circuit.

Jan. 23, 2004.

Philp B. Barnes (Erika S. Alsid, of counsel), Whiteford, Taylor & Preston L.L.P., Towson, MD, for Appellants.

Richard A. Depalma (Brian T. Belowich, of counsel), Coudert Brothers LLP, New York, NY, for Appellee.

PRESENT: OAKES, CABRANES, Circuit Judges and AMON,* District Judge.

## SUMMARY ORDER

### BACKGROUND

Marathon Enterprises, Inc. ("Marathon") entered into a contract with defendants Briltech, Inc., Bril–Tech, Ltd., and Briltech, LLC (collectively, "Bril–Tech") whereby Bril–Tech agreed to sell to Marathon a "Continuously Conveyorized Wiener Processing System" ("the System")–a system for processing and cooking hot dogs. Bril–Tech failed to deliver the system, and Marathon never completed its payments. Both sides contend that the other side breached the contract.

Marathon sought damages from Bril–Tech for the alleged breach. Marathon also sued defendants Schröter GmbH & Co. KG, Schröter GmbH & Co. KG Anlangenbau, Erich Schröter GmbH, Schröter Verwaltungs–GmbH, and Schröter USA, Ltd. (collectively, "Schröter") for breach of contract, on the grounds that Bril–Tech had actual or apparent authority to act for Schröter and that, therefore, Schröter is liable for the non-delivery of the System. Other relevant facts are laid out in the District Court's decision on the parties' cross-motions for summary judgment. *See Marathon Enterprises, Inc. v. Schroter GmbH & Co.,* No. 01 Civ. 0595, 2003 WL 355238, at *1–3 (S.D.N.Y., Feb. 18, 2003).

The District Court denied the motions for summary judgment of both Marathon and Bril–Tech, and denied in part and granted in part Schröter's motion for summary judgment. The Court granted Schröter's motion for summary judgment dismissing Marathon's *actual* authority claim, but refused to dismiss Marathon's *apparent* authority claim. The Court stated:

> Questions of fact exist as to whether Marathon reasonably relied on Schröter's actions and changed its position as a result. For example, a jury could find that it was reasonable for Marathon to believe Bril–Tech had authority to contract on behalf of Schröter because (1) Schröter had previously sold one of its ovens to Marathon through Bril–Tech, (2) Schröter allowed Bril–Tech to tell customers, including Marathon, that Bril–Tech was Schröter's exclusive agent in the United States, (3) Schröter allowed BrilTech to advertise Bril–Tech/Schröter smokehouses, and (4) Schröter authorized Bril–Tech to use the Schröter name and logo on invoices and stationery.

2003 WL 355238, at *8.

On May 14, 2003, a jury rendered a verdict against Schröter. At trial, the Court gave the following instruction to the jury regarding apparent authority:

> Apparent authority is the authority that the law recognizes when a principal, by reason of its acts and conduct, leads a third person reasonably to believe that the principal's agent has authority to act on behalf of the principal. The law provides that where a principal acts in such a way as to create the appearance that it has granted authority to an agent, and another party is justified in relying on the appearance of authority to its detriment, then the principal is bound by the actions of the agent. Therefore, if you find that Schröter has, by reason of its words or conduct, led Marathon to reasonably rely on the appearance that

* The Honorable Carol B. Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

Briltech had authority to act on Schröter's behalf, then Schröter is responsible for such acts of Briltech as if Schröter itself committed the acts.

In deciding this issue, you may consider whether Schröter placed Briltech in such a situation that a reasonable person would be justified in assuming that Briltech had authority to perform a particular act and deals with the apparent agent upon that assumption. If you find that Marathon was reasonably justified in assuming that Bril–Tech had the authority to act as it did, based on Schröter's words or conduct, then you are to find that Schröter is bound by Briltech's acts.

On May 29, 2003, Schröter filed a "Renewed Motion for Judgment and Motion for Conditional Grant of New Trial and/or Motion for a New Trial." In its motion, Schröter contended that (i) there was insufficient evidence of apparent authority to permit a reasonable jury to find in Marathon's favor; and (ii) the court's jury instruction on the issue of apparent authority was inadequate.

The District Court denied Schröter's motion in its entirety. With respect to Schröter's claim that there was insufficient evidence of apparent authority, the Court stated:

[I]t is a close call, and if I had to decide it I could very well come out the other way, but I do not believe that a reasonable jury could only find in favor of Schröter. I think there was sufficient evidence, albeit not a lot of evidence, to support a jury's conclusion that Schröter had engaged in action that bestowed apparent authority on the part of Bril–Tech for this transaction.

With respect to Schröter's claim that the jury instruction was inadequate, the Court stated:

The whole gist of Schröter's argument was that Marathon did not act reasonably. The whole gist of the argument was that any reasonable company in Marathon's position would not have gone into this believing that Bril–Tech was an agent for Schröter for purposes of this transaction, and the jury rejected it. The argument as to whether Marathon should have done more, should have inquired was made. It was made. Whether it should have gotten Schröter to sign the contract, that issue was raised, and the jury rejected the argument, and, accordingly, I do not believe that a duty of inquiry instruction would have made any difference.

In sum, the Court concluded that, having allowed Schröter to argue to the jury that Marathon did not make reasonable inquiries about the scope of the relationship between Schröter and Bril–Tech, no specific charge on the issue of apparent authority was necessary.

### DISCUSSION

#### A. Sufficiency of the Evidence

We review *de novo* a district court's resolution of a motion for judgment as a matter of law, *see Patrolmen's Benevolent Assoc. v. City of New York*, 310 F.3d 43, 50 (2d Cir.2002), and may only reverse the denial of such a motion "if the evidence, drawing all inferences in favor of the non-moving party and giving deference to all credibility determinations of the jury, is insufficient to permit a reasonable juror to find in [the non-movant's] favor," *Lavin McEleney v. Marist College*, 239 F.3d 476, 479 (2d Cir.2001).

In order to demonstrate apparent authority under New York law, Marathon was required to prove that (1) Schröter was responsible for the appearance of authority in Bril–Tech; and (2) Marathon's reliance on the appearance of authority

was reasonable. *F.D.I.C. v. Providence College,* 115 F.3d 136, 140 (2d Cir.1997) (applying New York law); *Herbert Constr. Co. v. Continental Ins. Co.,* 931 F.2d 989, 993–96 (2d Cir.1991) (same).

At trial, Marathon presented evidence that before execution of the contract, (1) Schröter authorized Bril–Tech to tell customers that Bril–Tech was Schröter's exclusive sales agent in the United States *and* Bril–Tech passed on this information to Marathon; (2) Schröter sold one of its batch ovens to Marathon through Bril–Tech and sent one of its engineers from Germany to assist in commissioning the equipment; (3) Schröter authorized Bril–Tech to place advertisements in trade magazines for "Bril–Tech/Schröter" smokehouses, Schröter paid for these ads, and Marathon saw and responded to these ads(4) Schröter authorized Bril–Tech to give Marathon business cards and other paraphernalia with the Schröter name and logo, and to send correspondence with the Schröter name and logo; and (5) Schröter authorized and directed Bril–Tech to send invoices with Schröter's name on them.

■ Like the District Court, we have doubts that a sophisticated buyer such as Marathon could reasonably infer from these facts that Bril–Tech was acting on behalf of Schröter when it executed the specific agreement at issue in the instant case. Nevertheless, we do not think the District Court erred when it submitted this question to a jury.

### B. The "Apparent Authority" Instruction

We review a claim of error in the district court's jury instructions *de novo* and may reverse only "if the appellant can show that the error was prejudicial in light of the charge as a whole." *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 153 (2d Cir.1997).

Schröter argues on appeal that the District Court should have charged the jury that Marathon had a "duty to inquire" as to the scope of Bril–Tech's authority. In rejecting Schröter's proposed instruction, the District Court reasoned as follows:

> [T]he significant addition from Schröter's last proposal was a duty to investigate, a duty of inquiry. I think everything else is in there, if not exactly the same words, phrased slightly differently. I think the significant issue is whether to charge the jury that Marathon had a duty of inquiry.
>
> \*  \*  \*  \*  \*  \*
>
> [T]he duty of inquiry into an agent's apparent authority amounts to an alternative way of asking whether the third party reasonably relied on the representations of the agent that he expressed authority. I am not going to charge the duty of inquiry under this case, under the Second Circuit case [of *FDIC v. Providence Coll.,* 115 F.3d 136 (2d Cir. 1997) ]. I think the circumstances don't exist in this case.

In *FDIC,* we explained that, "in the apparent authority context, the duty of inquiry arises only when (1) the facts and circumstances are such as to put the third party on inquiry, (2) the transaction is extraordinary, or (3) the novelty of the transaction alerts the third party to a danger of fraud." *FDIC,* 115 F.3d at 141. Schröter argues that the transaction at issue in this case was extraordinary or novel, because the smokehouse at issue was custom-made and had not previously been manufactured.[1]

---

1. Schröter argues further, mainly in its Reply Brief, that its proposed jury charge was required because the facts and circumstances are such as to put Marathon on inquiry. This argument is indistinguishable from Schröter's argument to the jury that Marathon could not

368

This argument is not persuasive. The transaction at issue in this case–*i.e.*, the sale of a custom-made smokehouse–was entirely within Schröter's ordinary line of business. A transaction is not "novel" or "extraordinary" simply because it involves a new product. Rather, "the question is whether the particular transaction falls within the *range* of transactions in which [the principal] or similarly situated institutions normally engage." *FDIC*, 115 F.3d at 142 (emphasis added). Unlike in *FDIC*, in which the plaintiff would have had to believe that a college guaranteed the loans of companies doing work on its campus, the plaintiff in this case was merely asked to believe that a smokehouse manufacturer would manufacturer a new type of smokehouse.

## C. The "Actual Agency" Instruction

Finally, Schröter argues that it was prejudicial error for the District Court to fail to instruct the jury that actual agency did not exist in this case as a matter of law. This argument is meritless. At trial, the District Court specifically instructed the jury that "there is only one claim in the case and that is the claim of apparent authority. There is no claim before you of express authority." Thus, contrary to Schröter's view, the District Court took adequate steps to remove any potential confusion as to whether a claim of actual authority existed.

### CONCLUSION

We have considered all of plaintiff's claims on appeal and found them to be

have reasonably believed in Bril–Tech's "authority" in these circumstances. *See FDIC*, 115 F.3d at 141 ("The duty of inquiry into an agent's apparent authority 'amounts to an alternative way of asking whether the third party reasonably relied on the representations of the agent that he possessed authority to bind the principal.' ") (citation omitted). By

without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.